IKON OFFICE SOLUTIONS, INC., an Ohio corporation, Plaintiff—Appellant,

v.

AMERICAN OFFICE PRODUCTS, INC., an Oregon corporation; Larry Bradley, an Oregon citizen; Lesa Bergey, an Oregon citizen; Craig Knouf, an Oregon citizen, Defendants—Appellees.

Ikon Office Solutions, Inc., an Ohio corporation, Plaintiff—Appellee,

v.

American Office Products, Inc., an Oregon corporation; Larry Bradley, an Oregon citizen; Lesa Bergey, an Oregon Citizen; Craig Knouf, an Oregon citizen, Defendants—Appellants.

Nos. 01–35498, 01–35782.
D.C. No. CV–00–00064–JE.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2003.

Decided April 4, 2003.

Before BRUNETTI, T.G. NELSON, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Ikon Office Solutions, Inc. ("Ikon") appeals the magistrate judge's grant of summary judgment in favor of American Office

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Products, Inc., Larry Bradley, Lesa Bergey, and Craig Knouf (together "Appellees"). Appellees cross-appeal the magistrate judge's denial of attorney fees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm both rulings. The parties are familiar with the facts, and we will not review them here.

## I. *Ikon's Appeal*

The district court correctly concluded Ikon could not enforce its noncompetition agreements against Bergey or Bradley. Bergey's written noncompetition agreement was invalid because she did not sign it until several days after she began her employment with Ikon.[1] Additionally, nothing in the record suggests that Bergey orally agreed to a noncompetition agreement upon her initial employment with Ikon.[2] Therefore, Ikon cannot assert its noncompetition agreement against Bergey.

Ikon cannot assert a noncompetition agreement against Bradley either. Assuming that Bradley's noncompetition agreement was valid, Ikon waived its right to assert the agreement.[3] Ikon's human resources department said that Bradley did not have a noncompetition agreement in his file, where an employer would logically keep it. Furthermore, Ikon's counsel wrote Bradley to inform him that he could not disclose Ikon's confidential information but did not mention Bradley's noncompeti-

tion agreement. In fact, it was more than two months after Bradley had been working for American Office Products before Ikon found the noncompetition agreement in a vacant office. By this time, Bradley and American Office Products had relied on Ikon's unequivocal representations and conduct.[4] Through Ikon's representations and conduct, it abandoned, and thus waived, its rights under the noncompetition agreement.

We hold that neither Bergey nor Bradley's noncompetition agreements were enforceable. Therefore, the district court properly granted summary judgment in favor of Appellees.

## II. *Appellee's Cross-Appeal*

The district court properly denied Appellees' request for attorney fees.[5] A court may award attorney fees only if Ikon made its claim against Appellees in bad faith.[6] Under Oregon's definition of bad faith, a court must find that the plaintiff had an "improper purpose" for asserting its claim.[7] In this case, the record does not show that Ikon had a subjective improper purpose. We therefore hold that Appellees were not entitled to attorney fees.

AFFIRMED.

---

1. OR.REV.STAT. § 653.295(1)(a) (1989) (requiring that noncompetition agreements be entered into upon the initial employment).

2. *Id.* at § 653.295(6)(c).

3. Under Oregon law, waiver is an "intentional relinquishment or *abandonment* of a known right." *Moore v. Mut. of Enumclaw Ins. Co.,* 317 Or. 235, 855 P.2d 626, 629 (1993) (emphasis added).

4. *Bennett v. Farmers Ins. Co. of Or.,* 332 Or. 138, 26 P.3d 785, 796–97 (2001).

5. The question of whether the district court properly interpreted the attorney fee statute is a question of law that we review de novo. *Kona Enter. Inc. v. Estate of Bishop,* 229 F.3d 877, 883 (9th Cir.2000).

6. OR.REV.STAT. § 646.467(1) (2001).

7. *Mattiza v. Foster,* 311 Or. 1, 803 P.2d 723, 728 (1990).